**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARMJEET PARMJEET,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, Warden of Adelanto ICE Processing Center, et al.,<br><br>Respondents. | **CASE NO.** 5:26-CV-04874-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**A 241-143-163** |

On August 25, 2026, Petitioner Parmjeet Parmjeet ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The Petition names as Respondents Fereti Semaia, Warden of Adelanto ICE Processing Center; David J. Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of DHS; Todd Blanche, Acting Attorney General of the United States; and the Executive Office for Immigration Review ("EOIR") ("Respondents"). (*Id.* at 1.)

The Petition alleges the following facts.[1] Petitioner is a twenty-four-year-old native and citizen of India who entered the United States without inspection on or around April 12, 2023, was encountered, apprehended, and briefly detained by Customs and Border Patrol ("CBP"), and was released on his own recognizance on April 15, 2023. (Pet. ¶¶ 53–56.) On or about August 9, 2026, Respondents re-arrested Petitioner, though no material changes in circumstances occurred. (*Id.* at ¶ 61.) Petitioner was not provided with a pre-deprivation hearing or notice, nor was he deemed to be a danger or flight risk. (*Id.* at ¶¶ 62–63, 74.) Petitioner has complied fully with his parole and has never been arrested or missed any appointments with ICE. (*Id.* at ¶¶ 65, 73.) Respondents re-detained Petitioner even though he had committed no crime and no material change in circumstances had arisen to justify his arrest or re-detention. (*Id.* at ¶ 114.)

On August 26, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due August 29, 2026 and their Answer was due September 2, 2026. (ECF No. 5.) As of the date of this Order, Respondents have not answered or otherwise responded to the Petition and have not appeared in the case. The Court considers the lack of response as reason to grant the relief requested.[2]

---

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the Petition unless otherwise noted.

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified)

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Parmjeet Parmjeet (A 241-143-163)** from custody within 24 hours of entry of this Order;
3. Respondents are ENJOINED from re-detaining Petitioner (a) while Section 240 proceedings are ongoing, including during any direct appeal from dismissal of proceedings by the immigration judge absent a change in circumstances and (b) unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community;
4. Petitioner may seek reasonable costs and attorney fees as provided in this Court's Local Rules and any statute authorizing such an award; and
5. The Court retains jurisdiction over this case to enforce compliance with its Judgment.

DATED: September 4, 2026

HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE